**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1481
_____

ARIEL BAREL,
                    Appellant

v.

OFFICE OF THE CLERK OF THE SUPERIOR COURT OF NEW JERSEY, Occupied
by Michelle M. Smith; MICHELLE M. SMITH, individually and severally; OFFICE OF
THE SUPERIOR COURT OF NEW JERSEY JUDGE, occupied by Paul Innes; PAUL
INNES, individually and severally; OFFICE OF PASSAIC COUNTY SHERIFF, also
known as Passaic County Sheriff's Office Occupied by Richard H. Berdnik; RICHARD
BERDNIK, individually and severally; BRIAN V. FISHMAN, individually and severally
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-17567)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2020

Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 2, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ariel Barel appeals the District Court's order granting Appellees' motions to dismiss the complaint. For the reasons below, we will affirm the District Court's judgment. The procedural history of this case and the details of Barel's claims are well known to the parties, set forth in the District Court's letter opinion, and need not be discussed at length.

Briefly, in 2014, a foreclosure complaint was filed by Ditech Financial against Barel in the Superior Court of New Jersey, Chancery Division. After a trial, the Chancery Division struck Barel's answer, dismissed his claims with prejudice, and returned the matter to the Foreclosure Office to proceed as an uncontested matter. Ditech Fin., LLC v. Barel, No. A-2922-17T1, 2019 WL 4440120, at *2 (N.J. Super. Ct. App. Div. Sept. 17, 2019). Ditech moved for a final judgment which was entered by Appellee Judge Innes in January 2018 for over $500K. Id. The court ordered that the property be sold to satisfy the judgment, and Appellee Sheriff Berdnick subsequently sold the property to the lienholder. Barel's appeal of the final judgment to the Appellate Division was unsuccessful. Id. at *1.

Barel then filed a complaint in the District Court against Judge Innes, Michelle Smith, who is the Clerk of the Superior Court, Sheriff Berdnick, and Brian Fishman, who was Barel's opposing counsel in state court. Barel claimed Appellees deprived him of his property without due process. The District Court dismissed Barel's claims, concluding

2

that they were barred by the <u>Rooker-Feldman</u> doctrine.[1]  The District Court also determined that Appellees Innes, Smith, and Berdnick had immunity to Barel's claims.  The District Court noted that even if <u>Rooker-Feldman</u> did not apply, it would dismiss sua sponte the claims against Fishman because Barel failed to state a claim of fraud by Fishman.  Barel filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We need not address whether Barel's claims are barred by the <u>Rooker-Feldman</u> doctrine, because we agree with the District Court that Appellees are entitled to immunity from his claims.  <u>See</u> <u>Hoffman v. Nordic Nats., Inc.</u>, 837 F.3d 272, 277 (3d Cir. 2016) (court may bypass jurisdictional issue to dismiss on non-merits ground).  We exercise de novo review of the District Court's dismissal of Barel's claims on immunity grounds.  <u>Dotzel v. Ashbridge</u>, 438 F.3d 320, 324–25 (3d Cir. 2006) (quasi-judicial immunity); <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 439 (3d Cir. 2000) (judicial immunity).

We agree with the District Court that Innes is entitled to judicial immunity.  <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 355–56 (1978) (judges not civilly liable for judicial acts); <u>Azubuko v. Royal</u>, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).  With respect to Barel's claims against Smith, she is also entitled to judicial or quasi-judicial immunity as the Clerk of the Superior Court.  <u>See</u> <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 772-73 (3d Cir. 2000) (quasi-judicial immunity for court personnel).

---

[1] The <u>Rooker-Feldman</u> doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication.  <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fid. Tr. Co.</u>, 263 U.S. 413 (1923).

Because the sale of the property was ordered by the state court, Berdnik is also entitled to quasi-judicial immunity. See Russell v. Richardson, 905 F.3d 239, 250 (3d Cir. 2018) (quasi-judicial immunity covers acts authorized by court order); Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994) (quasi-judicial immunity protects law enforcement officials executing facially valid court orders). Barel argues that he told Berdnick that the sale would be unlawful; however, the sheriff was entitled to rely on a facially valid state court judgment over the protests of an interested party.[2]

We turn now to Barel's claims against Fishman, his opposing counsel in state court. The District Court sua sponte dismissed Barel's claims against Fishman for lack of jurisdiction under the Rooker-Feldman doctrine. Barel's claims arise from Fishman's filing a writ of possession in state court for the property at issue on behalf of his client

---

[2] Barel claims that the Sheriff's alleged bid-rigging scheme deprived him of his property without due process. Assuming arguendo that this claim is not barred by Rooker-Feldman and that the Sheriff does not have immunity, as the District Court ruled, we note that the claim is legally and factually meritless. Barel does not allege that he filed any objection to the sale price, and in the deed, the Sheriff states that no such objections were made. See N.J. Ct. R. R. 4:65-5. To the extent that Barel has a protected interest in the property being sold for the highest price in order to reduce the outstanding judgment against him, he has not shown that he was denied notice of the sale or an opportunity to be heard. See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (fundamental requirements of due process are notice and opportunity to be heard); Burns v. Pa. Dep't of Corr., 544 F.3d 279, 285 (3d Cir. 2008) (required allegations to state due process claim). Rather, he did not take advantage of the opportunity to object to the sale price in state court. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (litigant must use available procedures to challenge the deprivation). Thus, he has failed to state a claim. Moreover, if the judgment against him was discharged in his bankruptcy proceedings, any lower price at the Sheriff's sale did not prejudice Barel. Furthermore, that no other bidders were interested in a foreclosed property with a lien on it for more than the property is worth is not proof of "bid-rigging." Rather, it is simply common sense that no one but the lienholder would purchase a property that includes such a debt.

4

who had bought the property.[3] Barel claims that the writ was not properly witnessed by a judge; however, whether the writ of possession was appropriately authorized under the state court's rules was a matter for the state court to address. Barel states that when he challenged the writ of possession in the state courts and raised this issue, the state court rejected it. 2nd Am. Compl. at 17. Barel's frivolous allegations against Fishman are not sufficient to invoke the jurisdiction of the federal courts. See Bell v. Hood, 327 U.S. 678, 682–83 (1946) (to invoke federal-question jurisdiction, allegations in a complaint must simply be more than "insubstantial or frivolous."). We will affirm the District Court's dismissal of the claims against Fishman for lack of jurisdiction, albeit on different grounds. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (court of appeals may affirm on any basis supported by the record).

For the above reasons, we will affirm the District Court's judgment.

---

[3] Barel alleged in his Second Amended Complaint that Fishman falsely stated that Judge LaConte witnessed Fishman and Appellee Smith sign the writ but that LaConte had retired as a judge at the time. While not dispositive to our analysis, we note that Fishman made no such statement in his certification. App. at 91-92.